# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| Addy's Harbor Dodge, LLC,   )  | C/A No. 4:11-cv-01065-RBH |
| )   | |
| Plaintiff,   )  | |
| )   | |
| v.   )  | |
| )   | **ORDER** |
| Global Vehicles U.S.A. Inc., John A. Perez,   ) | |
| and Manuel Baez,   )  | |
| )   | |
| Defendants.   )  | |
| _____) | |

This lawsuit arises from a contract dispute between the Plaintiff, Addy's Harbor Dodge, LLC ("Addy"), and the Defendant Global Vehicles U.S.A. Inc. ("Global"). Currently pending before the Court is the Defendants' Motion to Dismiss. [Doc. #15]. For the following reasons, the motion is denied without prejudice to the right to re-file if necessary.[1]

## **Background Facts and Procedural History**

On April 7, 2009, the parties entered into a Dealer Sales and Service Agreement ("Agreement"). Under the terms of the Agreement, Global agreed to distribute vehicles manufactured by Mahindra & Mahindra Ltd. to Addy. The Agreement specifically incorporated the following mediation clause:

> In order to minimize the expense and difficulty of resolution of disputes related to this Agreement, the parties agree to use every reasonable effort to settle any dispute between them, relative to this Agreement, in the foregoing manner. Should any dispute concerning any aspect of this contract arise between the parties such disputes shall be settled first by conducting mediation. Either party shall give written notice to the other of the existence and subject of a dispute and its desire to commence dispute resolution proceedings. Mediation will be conducted by a

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The issues have been briefed by the parties, and the Court believes a hearing is not necessary.

> mediator in Georgia to be mutually selected. The parties will share the costs of the mediator equally.

*See* Doc. #15-3, p.30. After signing the Agreement, the parties began to dispute performance issues. The parties did not mediate the dispute. On March 30, 2011, Addy filed its Complaint against Global alleging the following causes of action: (1) Violation of Regulation of Manufacturers, Distributors and Dealers Act ("RMDDA") (S.C. Code Ann. § 56-15-10); (2) Breach of Contract Accompanied by a Fraudulent Act; and (3) Corporate Veil Piercing. Addy also alleged the following causes of action against Defendants Perez and Baez: (1) Violation of the RMDDA; and (2) Corporate Veil Piercing. Subsequently, the case was removed to this Court, and the Defendants filed the instant Motion to Dismiss. The Defendants move to dismiss the Complaint on the following grounds:

> (1) The Agreement requires the parties to mediate prior to instituting litigation and this case was filed prior to mediation and must be dismissed;
>
> (2) This Court does not have personal jurisdiction over Defendants Perez and Baez, and claims against them should be dismissed pursuant to Rule 12(b)(2); and
>
> (3) The RMDDA does not provide a cause of action against Defendants Perez and Baez, and that claim should be dismissed as to them.

## **Discussion**

According to the Defendants, "the Agreement requires the parties to conduct mediation prior to instituting litigation. The mediation is a condition precedent to instituting litigation." Doc. #15, p.3. They argue that "the Plaintiff's Complaint should be dismissed to permit the parties to mediate their dispute in accordance with the Agreement." *Id.* In response, Addy argues that "[a]lthough Plaintiff did not retain a mediator to assist in resolving this dispute, Plaintiff made adequate attempts at settlement of this dispute prior to commencement of this litigation by engaging in face to face discussions with the CEO for Global regarding the termination of the Agreement and a refund of the $195,000.00 paid for the franchise." Doc.

2

#18, p.6. Addy also argues that the mediation clause is unconscionable and "contends that in the interest of judicial economy, it would serve no purpose to dismiss the action and re-file it, when mediation will be conducted in either event" because mediation is mandatory in this District "post filing." *Id.* at 13. In reply, the Defendants refute Addy's unconscionable claim and again state that "this matter should be dismissed or, in the alternative, stayed, to allow the parties to mediate the dispute in accordance with the Dealer Agreement." Doc. #22, p.3.

The Court notes that both the Court's scheduling order and the local rules in this District require this case to be mediated. Additionally, based on their arguments, it appears that none of the parties would object to the Court **staying** this case to allow the parties to mediate this dispute in lieu of dismissing the Complaint because this Court would ultimately require mediation anyway. Therefore, the Clerk is instructed to administratively stay this case until January 1, 2012. The parties shall mediate this case by January 1, 2012, either in accordance with the terms incorporated in the Agreement or under such other terms as they agree to in writing. This mediation shall satisfy the Court's requirement for mediation.

Accordingly, the Defendants' Motion to Dismiss is denied without prejudice to the refiling of the motion if the parties have not resolved the case by January 1, 2012. In such an event, the parties shall notify the Court, and the Defendants may re-file their existing [Doc. #15] Motion to Dismiss containing their additional grounds for dismissal of claims against Defendants Perez and Baez. If the Motion to Dismiss is re-filed, the Court will consider the matter based on the memoranda or briefs already filed with the Court, and no further response or reply will be necessary by counsel on the Defendants' Motion to Dismiss.

## Conclusion

Based on the foregoing, the Defendants' Motion to Dismiss is **DENIED** *without prejudice*.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
October 26, 2011