UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Addy's Harbor Dodge, LLC, | ) | C/A No. 4:11-1065-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Awarding Costs and Attorneys' Fees) |
| Global Vehicles U.S.A. Incorporated, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This litigation arises from a dispute between Plaintiff Addy's Harbor Dodge, LLC ("Plaintiff" or "AHD") and Defendant Global Vehicles U.S.A. Inc. ("Global"). Plaintiff initially sued Global as well as Global's former Chief Executive Officer, John A. Perez ("Perez"), and Global's former Chairman of the Board of Directors, Manuel Baez. The court dismissed Perez and Baez, finding no personal jurisdiction over them. ECF No. 114. On July 25, 2014, the parties consented to have the undersigned conduct all proceedings, including trial. ECF Nos. 124, 125. The parties consented to a nonjury trial, ECF No. 126, 127, which was held on September 15, 2014. At trial, AHD proceeded only on its statutory claim for violation of the Regulation of Manufacturers, Distributors, and Dealers Act, S.C. Code Ann. § 56-15-10, *et seq*. (the "Act"). On September 30, 2014, the court entered its Findings of Fact and Conclusions of Law finding Global had violated the Act and ordering judgment in the amount of $390,000.00 be entered in favor of AHD. ECF Nos. 149, 150. In its Findings of Fact and Conclusions of Law, the court further found that, as a part of recoverable damages under the Act Global was found to have violated, AHD is entitled to "costs and attorneys' fees in an amount to be determined." ECF No. 149 at 17.

Now before the court are AHD's Proposed Bill of Costs, ECF No. 154, and Motion for Attorney Fees, ECF No. 155, each supported by affidavits of AHD Counsel Kevin M. Barth, Esq. ("Barth") and Joseph Gregory Studemeyer, Esq. ("Studemeyer"). ECF No. 154 (Proposed Bill of Costs), ECF No. 154 (Mot. for Attorney Fees).

Global has filed no response to challenge AHD's proposed Bill of Costs or its Motion for Attorney Fees. Nonetheless, the court reviews AHD's filings to ensure they are in keeping with applicable law.

### Award of Costs

Citing Federal Rule of Civil Procedure 54(d), AHD properly notes that costs "other than attorney's fees" "should be allowed to the prevailing party." AHD appropriately lists the types of costs that may be awarded pursuant to 28 U.S.C. § 1920. *See* ECF No. 155-1 at 3. In its proposed Bill of Costs,[1] AHD seeks the following: Fees of the Clerk, $150.00; Fees for service of summons and subpoena, $273.29; Fees for printed or electronically recorded transcripts necessarily obtained for use in the case, $1000.10; Fees for witnesses, $122.35 (paid to deponent Michael Huey); Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case, $154.72; Compensation of court-appointed experts, $560.37; Other costs $18.96. ECF No. 154.

In counsels' affidavits, they submit their billing statements for what appears to be costs incurred and fees billed throughout their representation of AHD related to this matter. *See* Barth Aff. ECF No. 155-3; Studemeyer Aff. ECF No. 155-4. AHD explains that it seeks costs regarding the deposition transcripts of Michael Huey and John Perez, as both transcripts were used at trial. ECF No. 155-1 at 3. The proposed Bill of Costs includes an attachment calculating

---

[1] AHD cites to "Local Civil Rule 54.03(H)(2), (4)," as authority for obtaining costs associated with depositions. ECF No. 155-1 at 3. Although the current Local Civil Rule 54.03 relates to the award of costs, it contains no subsections.

the witness fees sought as to Huey. ECF No. 155-2 at 2. Otherwise, AHD does not point specifically to detailed billing entries or receipts concerning the other costs sought. In other words, counsel do not explain by date or amount the specifics of the costs they seek in the Bill of Costs.[2] Nonetheless, given Global's failure to object to any portion of the proposed Bill of Costs, and based on counsels' representation of the amount they seek is in accordance with 28 U.S.C. § 1920, the undersigned accepts that the majority of the itemized costs appropriately are awarded. However, the court cannot award the $560.37 sought for "Compensation of court-appointed experts," as the court appointed no experts in this matter and AHD's memorandum provides no detail as to the amount of $560.37. The court notes that the $560.37 is the amount paid to the mediator of this matter. *See* ECF No. 154-2 at 55. To the extent AHD submits that the mediator was a "court-appointed expert," AHD has offered no authority for such, nor does the court find that a mediator is typically contemplated to be a "court-appointed expert" for purposes of costs awarded to a prevailing party. **Accordingly, the court finds it appropriate to award AHD the costs it has presented other than the $560.37, for a costs award in the amount of $1719.42 ($2,279.79 minus 560.37).**

## Award of Attorneys' Fees

AHD is entitled to reasonable attorneys' fees under the Act, which provides in pertinent part that a successful plaintiff "shall recover double the actual damages by him sustained, and the cost of suit, including a reasonable attorney's fee." S.C Code Ann. § 56-15-110(1).[3] In determining the reasonable attorneys' fee to be awarded to AHD, the court is guided by cases such as *Grissom v. Mills Corp.*, 549 F.3d 313 (4th Cir. 2008); the Federal Rules of Civil

---

[2] Although the attorneys' billing statements include over $4000 in costs, AHD seeks to recover the $2279.79 set out above. *See* ECF No. 155-1 at 4.

[3] A scrivener's error in the court's Findings of Fact and Conclusions of Law indicated subparagraph (3) of S.C. Code Ann. § 56-15-110 provided for the award of costs and fees. ECF No. 149 at 17. The correct code section is S.C Code Ann. § 56-15-110(1).

Procedure; and this court's local civil rules, *see, e.g.*, Fed. R. Civ. P. 54(d)(2)(B); Local Civ. R. 54.02, 54.03 (D.S.C).

In determining what constitutes a reasonable fee, the court looks to the number of hours and the appropriate hourly rates and may consider the following factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 & n.28 (4th Cir. 1978). The court is not required to rigidly apply these factors, as not all may affect the fee in a given case. "[T]hese factors should be considered in determining the reasonable rate and the reasonable hours, which are then multiplied to determine the lodestar figure which will normally reflect a reasonable fee." *E.E.O.C. v. Serv. News Co.*, 898 F.2d 958, 965 (4th Cir. 1990). In determining whether a rate is reasonable, the court is to consider "prevailing market rates in the relevant community." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). *See also* Local Civ. Rule 54.02(A) (D.S.C.).

In addition to providing line-item billing statements, counsel's affidavits provide detail regarding their practice experience and the number of hours billed in this matter. Both have been admitted to practice in South Carolina since 1982; both charge an hourly fee of $275. *See* Barth Aff., ECF No. 155-3; Studemeyer Aff., ECF No. 155-4. Barth seeks fees of $24,552.83 based

4

upon 89.28 hours at his $275 hourly rate. In considering Barth's affidavit and accompanying information, the court notes that, although the bill presented indicates a total of $24,552.83, the hours billed (89.28) multiplied by the hourly rate presented ($275) equals **$24,552.00**. Studemeyer seeks fees based upon 257.30 hours at his $275 hourly rate, which are reflected in the submitted billing statement, plus an additional $330, based on his 1.2 hours spent preparing his affidavit seeking fees and costs. *See* Studemeyer Aff. ¶¶ 5, 6. In considering Studemeyer's affidavit and accompanying information, the court notes that, although the bill presented indicates a billable total of $73,089.77, the hours represented in the bill (257.3) multiplied by the hourly rate presented ($275) equals $70,757.50. When adding the $330 to that amount, the total documented equals **$70,905.50**.

The information provided, paired with the court's knowledge of the prevailing market rates for work of this type in this geographic area, supports the award of attorneys' fees sought as reasonable in this matter. AHD is awarded **$95,457.50** ($24,552 + $70,905.50) in attorneys' fees.

In conclusion, the court grants in part AHD's proposed Bill of Costs, ECF No. 154, and grants AHD's Motion for Attorney Fees, ECF No. 155. The Clerk of Court is instructed to enter costs in the amount of $1719.42; AHD is also awarded attorneys' fees of $95,457.50.

IT IS SO ORDERED.

February 3, 2015                                             Kaymani D. West
Florence, South Carolina                                     United States Magistrate Judge